UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NORMAN ACKERMANN
AND ESTHER ACKERMANN                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO. 3:08CV718TSL-JCS

UNITED HEALTHCARE SERVICE, INC.,                        DEFENDANTS
D/B/A SECUREHORIZONS, ET AL.

## MEMORANDUM OPINION AND ORDER

This cause is before the court sua sponte for consideration of dismissal for lack of subject matter jurisdiction. Federal district courts are courts of limited jurisdiction. See Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (1985) (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 (1984)). Thus, "unless a dispute falls within the confines of the jurisdiction conferred by Congress," this court does not have the authority to issue orders regarding its resolution. Id. Subject matter jurisdiction cannot be waived, nor may the parties confer jurisdiction upon the court either by their conduct or consent. Id. For this reason, if the parties fail to raise the question of subject matter jurisdiction, it is the court's responsibility to raise the issue sua sponte.

Here, on November 28, 2008, defendants PacifiCare Life & Health Insurance Company, d/b/a SecureHorizons and Pacificare Health Plan Administrators, Inc. (collectively PacifiCare) removed this case to this court from the Circuit Court of Holmes County, Mississippi, asserting federal question jurisdiction under 28

U.S.C. § 1331. According to the notice of removal, notwithstanding that the complaint of Norman and Esther Ackerman purports to set forth only state law claims against Pacificare, their putative state law claims challenge "(1) the denial of Medicare Part C benefits; and (2) the dis-enrollment in Medicare Part A and Part B coverage," and are thus "inextricably intertwined" with claims arising under the Medicare Act, 42 U.S.C. §§ 1395w-21, et seq. and consequently are completely preempted by the Medicare Act and hence arise under federal law.

Plaintiffs filed this lawsuit in state court against a number of defendants, including PacifiCare, a number of Mid-Delta entities,[1] and a group of defendants to which the court will refer as the Global/Tolliver entities,[2] alleging that in January 2006, while Mr. Ackerman was a patient of one of the Mid-Delta entities, an employee of one of those entities collected his personal and confidential information, including his social security number, date of birth, Medicare number and Medicare enrollment dates, and passed this information to the Global/Tolliver entities, which in turn used the information to enroll Mr. Ackermann in PacifiCare's

---

[1] These defendants are Mid Delta Home Health of Charleston, Inc, Mid-Delta Health Systems, Inc. and Mid-Delta Home Health Incorporated.

[2] These include Global Financial Brokers, LLC, Tolliver's Financial Group, LLC, Tolliver Financial Group, LLC, Humphrey Tolliver, Cynthia Hightower and Diquana Roberson.

2

SecureHorizons Direct, a private fee-for-service Medicare Advantage plan,[3] causing the premium for the plan to be deducted from his social security benefits. Plaintiffs allege that all of this was done without their knowledge or consent, as part of a scheme among all these defendants.

Plaintiffs charge that as a result of Mr. Ackerman's being enrolled in a Medicare Advantage plan, his Medicare coverage was automatically terminated; and whereas they previously had not received bills for Mr. Ackerman's medical treatment since the services he received were covered in their entirety by Medicare, they began receiving bills from healthcare providers. They assert that, in fact, they became aware of the fraud perpetrated against them only upon contacting Mr. Ackerman's treating physicians after receiving such bills, at which time Mrs. Ackermann was informed that Mr. Ackermann's medical treatment was no longer covered by Medicare but rather by SecureHorizons. According to the complaint, Mrs. Ackermann thereafter commenced an unsuccessful

---

[3] As background the complaint recites:
On December 9, 2003, President Bush signed the Medicare Prescription Drug Improvement and Modernization Act of 2003 into law. The Act provided that beginning in January 2006 Medicare beneficiaries would be offered prescription drug benefits through private insurers by electing between two basic options: (1) to join a Medicare Advantage plan (the renamed version of the old HMO/Medicare + Choice program [Part C]) which automatically replaces and cancels coverage under Medicare Part A, or (2) to maintain Medicare Part A and purchase a stand alone prescription drug benefit known as Medicare Part D.

3

campaign to have the PacifiCare policy cancelled, the premium payments refunded and Mr. Ackermann's Medicare reinstated.

Plaintiffs allege that as a result of defendants' alleged scheme, they incurred financial liability to healthcare providers as the SecureHorizons Direct policy did not pay the same benefits as had been covered by Medicare, and that they also suffered "extreme frustration, anxiety and worry" regarding their loss of Medicare and their indebtedness to healthcare providers.

On this factual basis, the complaint purports to set out state law claims against the defendants for fraud, civil conspiracy, aiding and abetting fraud, negligence and/or gross negligence, negligent infliction of emotional distress and loss of consortium.  Plaintiffs seek actual and punitive damages, and equitable relief in the form of the rescission of the contract and the recovery of funds allegedly wrongfully deprived.

The court rejects PacifiCare's contention that plaintiffs' claims are completely preempted by the Medicare Act, 42 U.S.C. §§ 1395w-21, so as to confer federal question removal jurisdiction.  In Harris v. PacifiCare Life & Health Insurance Co., 514 F. Supp. 2d 1280 (M.D. Ala. 2007), the court remanded the case to state court, concluding that the Medicare Act did not completely preempt the plaintiffs' state law fraud claims, which were based on allegations that PacifiCare misrepresented to plaintiffs that they "were required to enroll in Secure Horizons

4

Direct under the federal governments's new prescription drug program" and failed to tell them that they were being unenrolled from Medicare Part A. Id. at 1287-97. The court finds the Harris court's reasoning and conclusion persuasive.

While PacifiCare did purport to remove the case on the basis of complete preemption, it also alluded in the notice of removal to plaintiffs' state law claims being "inextricably interwined" with a claim for Medicare benefits. If plaintiffs' complaint herein were, in fact, "inextricably intertwined" with a claim for Medicare benefits, this might provide an alternative basis for removal based on federal question jurisdiction. In Heckler v. Ringer, 466 U.S. 602, 611-12, 104 S. Ct. 2013, 2019-20 (1984), the Court concluded that the plaintiffs' challenge to the Secretary of Health and Human Services alleged violation of agency procedure in denying their claims to be paid for a medical procedure was, "at bottom, a claim that they should be paid for their . . . surgery." Id. at 611, 12, 104 S. Ct. at 2019-20. Based on that conclusion, the Court held that the plaintiffs' claims were "inextricably intertwined" with their claims for substantive relief under the Medicare Act so as to confer jurisdiction under 42 U.S.C. § 405(g) and require administrative exhaustion.[4] See 42 U.S.C.

---

[4] The court notes that Heckler v. Ringer, 466 U.S. 602, 104 S. Ct. 2013 (1984), was not a removed case but rather originated in federal court, where the district court dismissed for lack of subject matter jurisdiction based on plaintiffs' failure to exhaust their administrative remedies as required by

5

§ 405 (imposing administrative exhaustion requirement and establishing procedures for judicial review). However, despite PacifiCare's characterization otherwise, it is manifest from a review of the complaint that plaintiffs are not complaining about the denial of benefits under the Medicare Part C plan. That is, the complaint cannot fairly be read as alleging that PacifiCare has failed to pay them Medicare benefits in accordance with the SecureHorizons Direct policy that it allegedly issued to them. Rather, the gist of plaintiffs' complaint is that, as part of a civil conspiracy, Mr. Ackermann was fraudulently enrolled in a plan which he did not want and as a result thereof was dropped from Medicare Part A, the type of coverage that he previously enjoyed and desired to maintain. Plaintiffs' claims are not "at bottom" claims that PacifiCare owes them benefits under the Part C plan supposedly issued to them. Accordingly, as plaintiffs' state law claims against PacifiCare are neither completely preempted by, nor "inextricably intertwined" with claims under the Medicare Act, this court does not have subject matter jurisdiction, and must remand the action to the Circuit Court of Holmes County, Mississippi.

---

the Medicare Act prior to commencing suit.

Based on the foregoing, it is ordered that this case is remanded to the Circuit Court of Holmes County, Mississippi.

SO ORDERED this 23nd day of June, 2009.

>   /s Tom S. Lee
>   UNITED STATES DISTRICT JUDGE